El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.

---

## DIEZ Y ARRARÁS v. BASCOS ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 31.—Resuelto en enero 29, 1904.

FALTA DE PERSONALIDAD—ACTUACIONES.—Aunque la falta de personalidad en una de las partes produce la nulidad de las actuaciones en que haya intervenido sin derecho para ello, la subsanación de aquella falta convalida, *ipso facto*, todas las actuaciones.

CONTRATOS — SU NULIDAD — CONSENTIMIENTO PRESTADO POR ERROR O DOLO. — PRUEBAS.—El consentimiento de las partes es requisito indispensable para la validez de los contratos; mas el consentimiento prestado por error o dolo es nulo, y produce la nulidad del contrato, y el que invoque la causa de nulidad debe probarla satisfactoriamente.

ID. — DECLARACIONES TESTIFICALES — CONTRATOS CONSIGNADOS EN DOCUMENTO PÚBLICO.—Declaraciones testificales al efecto de que una de las partes en un contrato indujo a la otra a prestar su consentimiento, *manifestándole que de no hacerlo así le sobrevendrían perjuicios a ella y a su familia,* no son suficientes para estimar que el consentimiento ha sido prestado por dolo, y para desvirtuar las estipulaciones contenidas en un documento público, que deben estimarse válidas y eficaces, mientras no se pruebe lo contrario.

ID.—ACCIÓN DE NULIDAD—TÉRMINO PARA EJERCITARLA—PRESCRIPCIÓN.—La acción de nulidad de los contratos sólo dura cuatro años, que en los casos en que se funde en error o dolo, deberán contarse desde la consumación del contrato; si no se ejercitare dentro de ese término, la acción queda prescrita. (*)

DOLO Y ERROR.—El dolo y el error no se presumen siendo necesario probarlo en todo caso.

ACTO DE CONCILIACIÓN—INTERRUPCIÓN DE LA PRESCRIPCIÓN.—El acto de conciliación no puede producir el efecto de interrumpir la prescripción, a no ser que se promoviere el correspondiente juicio dentro de los dos meses siguientes a la celebración del acto sin avenencia.

COSTAS.—Las costas deben imponerse a la parte cuyas pretensiones sean totalmente desestimadas.

### EXPOSICIÓN DEL CASO.

Vistos estos autos ejecutivos promovidos en la audiencia de Mayagüez entre partes, de la una los Sres. Diez y Arrarás como liquidadores de Sucesores de Antonio Diez dirigidos

y, representados en esta superioridad por el Letrado Don Rafael López Landrón como apelados y demandantes y de la otra Don José Bascos, Doña Monserrate. García, su esposa, y Doña Narcisa Bascos a quienes representa y dirige el abogado Don Fernando Vázquez como apelantes y demandados, sobre cobro de un crédito hipotecario, pendiente ante nos en virtud de recurso de casación, hoy de apelación, interpuesto por los ejecutados contra la sentencia pronunciada que copiada a la letra dice así:

"Sentencia. En la ciudad de Mayagüez, a veinte y nueve de enero de mil novecientos tres, visto en juicio oral y público los presente autos ejecutivos seguidos entre partes; de una como demandante, el Letrado Don Antonio Manrique de Lara, en representación de la mercantil Diez y Arrarás, liquidadores de Antonio Diez, del domicilio de Añasco; y de la otra, como demandados, Doña Narcisa Bascos y García, Don José Bascos y Doña Monserrate García, y en su nombre el Abogado Don Fernando Vázquez·Ramos, sin que consten las generales de ninguno. de los demandados.

"*Resultando:* que la representación profesional de los Sres. Diez y Arrarás dedujo ante este ·tribunal con fecha 5 de marzo de 1902 demanda ejecutiva contra Doña Narcisa Bascos y García, Don José Bascos y Doña Monserrate García fundándola en los siguientes hechos: que por escritura pública cuya primera copia se acompañaba, los citados demandados reconocieron hallarse adeudando a sucesores de Antonio (*) Diez la suma de *seis mil quinientos pesos* provinciales, equivalentes a *tres mil novecientos dollars,* cantidad que se obligaron a restituir el día treinta y uno de diciembre de mil ochocientos noventa y siete; que la referida suma de seis mil quinientos pesos provinciales se comprometieron a abonarla los deudores solidaria y mancomunadamente, satisfaciendo ínterin se efectuase el pago, el interés del uno por ciento mensual; que a la seguridad de esta obligación hipotecaron los deudores una finca rústica de su propiedad radicada en el barrio de Ovejas, término municipal de Añasco, finca que se relaciona y describe en la cláusula primera de la·escritura de· hipoteca acompañada, y que sus mandantes habían en varias ocasiones requerido de pago a sus deudores, sin haberlo conseguido: pidiendo en la súplica de su demanda, que se despachase mandamiento de ejecución. contra los bienes de los deudores en cantidad suficiente a cubrir mil, digo, *tres mil*

*novecientos dollars* intereses vencidos y por vencer, al tipo estipulado y costas que se originasen.

"*Resultando:* que examinados los documentos en que el ejecutante basaba su acción, el tribunal por auto de siete de marzo de 1902 despachó la ejecución, habiéndose trabado embargo con fecha 12 del citado mes, sobre la finca rústica, casa-habitación, máquina de descascarar café, tanque y demás bienes que se describen en la diligencia de embargo al folio 26 de estos autos, citándose acto continuo a los deudores de remate personalmente con entrega de la correspondiente cédula, copia de la demanda y documentos acompañados.

"*Resultando:* que habiéndose opuesto el Letrado Don Juan Quintero en nombre de Don José Bascos y de su esposa Doña Monserrate García, a la ejecución deducida, alegó en su oposición la falta de personalidad de los demandantes, fundándola en que las escrituras de sociedad de Sucesores de Antonio Diez, sociedad en comandita y la de la sociedad ejecutante, no habían sido inscritas en el registro mercantil, y carece además de personalidad por no haber acreditado el carácter de liquidadores de los Sres. Antonio Diez y Don José Arrarás, sin que tampoco se haya acompañado debidamente inscrita la escritura de aquella sociedad, solicitando que en su día se declarase con lugar la excepción alegada y en su consecuencia no haber lugar a pronunciar sentencia de remate con imposición de las costas a la sociedad ejecutante.

"*Resultando:* que el Abodago Sr. Hidalgo, a nombre de Doña Narcisa Bascos, formuló su oposición bajo los siguientes términos: que Don José Bascos empezó a llevar cuentas con Don Antonio Diez desde (*) el 3 de febrero de 1887, cuenta que fué saldada en 16 de diciembre del propio año; que reanudada la cuenta en 1888, fué liquidada y saldada en 18 de diciembre del mismo año, continuándose posteriormente, y liquidándose en 10 de enero de 1890, en cuya fecha quedó adeudando Bascos mil ochocientos treinta y ocho pesos con diez y ocho centavos; que anualmente se liquidaba la cuenta que llevaban Diez y Bascos, cargándose a éstos los intereses convenidos y cargándose, como primera partida el saldo de la cuenta después de balanceada, y de esta manera continuábanse las negociaciones entre ambos; que esta cuenta no sufrió ninguna interrupción nunca y que a fines de diciembre de 1894 se practicó una liquidación en la que resultó adeudando Bascos tres mil ciento setenta y nueve pesos veintiocho centavos; que al constituirse la sociedad Sucesores de Antonio Diez, S. en C., de la que era comanditario Don Antonio Diez, vino a formar

parte del capital de la misma, el saldo que a este señor adeudaba Narciso Bascos o sean los tres mil ciento setentinueve pesos veintiocho centavos ya nombrados, cuyo saldo figuró adeudando el Sr. Bascos a Sucesores ·de Antonio Diez, S. en C., a primero de enero de 1895; que Bascos continuó sus operaciones con la mercantil últimamente citada hasta que a principio de enero de 1898 se hizo una nueva liquidación, y en ella quedó adeudando seis mil y pico de pesos; que Doña Narcisa Bascos ni siendo menor de edad, ni tampoco cuando lo fué mayor de edad, llevó negociaciones de ninguna clase con Antonio Diez ni con Sucesores de Antonio Diez, S. en C., y que Don José Bascos mientras hizo negociaciones con las dos mercantiles citadas, era comerciante matriculado, a cuyo establecimiento iban destinadas las mercancías, motivo de la cuenta, y que por tanto nada podía adeudar Doña Narcisa que no era comerciante; que Don Antonio Diez primero y Sucesores de Antonio Diez después, siempre contrataron con Don José Bascos, hasta que vieron que este señor perdió a consecuencia de unos pleitos, una finca que poseía en el barrio de Miradero, de este término municipal, desde cuyo momento trataron de conseguir y lo consiguieron, con maquinaciones insidiosas que Doña Narcisa Bascos, con una finca que poseía a título de donación en el barrio de Ovejas, del término municipal de Añasco, garantizase la cuenta engendrada por su señor padre, garantía hipotecaria que se constituyó por escritura de 24 de febrero de 1898, ante el Notario Don Santiago R. Palmer, figurando en dicho otorgamiento además de Doña Narcisa Bascos, los padres de ella Don José Bascos y Doña Monserrate García, comprometiéndose en dicha escritura solidariamente (*) al pago todos los otorgantes; y que no hacía un mes que su mandante Bascos había entablado juicio de conciliación en el juzgado municipal de Añasco para obtener la nulidad de la escritura hipotecaria a que se ha hecho referencia anteriormente, solicitando que se declarase nula la escritura que sirvió de título a la ejecución, y asimismo nulo el juicio ejecutivo en lo que se refiere a Narcisa Bascos.

"*Resultando:* que conferido traslado de la oposición formulada por Narcisa Bascos al ejecutante, la evacuó en los términos que se expresan; que José Bascos siempre contrató en utilidad y provecho de su familia y ·de los bienes de ésta; que su hija Narcisa Bascos no era desconocedora de estas operaciones, pues ella misma en varias. ocasiones se entendía con sus patrocinados directamente, solicitando avances y provisiones y reconociendo la solidaridad de la cuenta; que la escritura hipotecaria otorgada a favor de sus mandantes fué un

acto ejecutado espontáneamente por la Narcisa Bascos; y que la acción de nulidad que deducía estaba prescrita desde el 24 de febrero de 1901, solicitando que se declarase sin lugar la oposición propuesta y se mandase seguir adelante la ejecución.

"*Resultando:* que los ejecutantes evacuaron el traslado de la oposición formalizada por José Bascos y Monserrate García de la manera siguiente: que José Bascos contrataba con Antonio Diez y Sucesores de Antonio Diez, llevando provisiones para el sostenimiento de su familia y atenciones de la finca que poseían en unión de su hija Narcisa Bascos; que libre y espontáneamente otorgaron la hipoteca para garantizar el pago de la cuenta que adeudaba a Sucesores de Antonio Diez; y que esta sociedad tiene inscrito su contrato de sociedad en el registro mercantil, pidiendo que igualmente se desestimase la oposición formulada, mandando seguir adelante la ejecución.

"*Resultando:* que el ejecutante, en el día señalado para la proposición de pruebas, propuso la documental siguiente: certificación de hallarse inscrita en el registro mercantil la sociedad Diez y Arrarás; copia literal de la escritura social de Sucesores de Antonio Diez, copia del hecho tercero de la escritura de disolución social de Sucesores de Antonio Diez; y además propuso la prueba de confesión en lo que respecta a Narcisa Bascos y como supletoria de ésta, la pericial para el cotejo de letras; y la ejecutada Narcisa Bascos propuso a su vez· la que a continuación se expresa: la de confesión documental, pericial, cotejo y testifical, cuyas pruebas fueron declaradas pertinentes (\*)· por auto de veinte y seis de abril ·del año anterior y mandadas a practicar con citación de la parte contraria.

"*Resultando:* que en el acto del juicio oral principiado el seis de diciembre de 1902 y continuado el veintiuno del mes en curso, se practicaron las pruebas propuestas, verificado lo cual procedieron a informar los abogados de las partes sobre aquellos puntos que creyeron conveniente al derecho de sus patrocinados, procediéndose a la votación de la sentencia el día señalado al efecto, constituído el tri-·bunal en audiencia pública, siéndolo por unanimidad.

"*Resultando:* que en la sustanciación del presente litigio se han guardado las reglas del procedimiento.

"*Visto,* siendo Ponente el Juez Asociado Don Luis Méndez Vaz.

"*Considerando:* que en la oposición formulada por los ejecutados, son dos los puntos que deben resolverse en esta sentencia, a saber: si la sociedad ejecutante Diez y Arrarás tiene personalidad para promover esta ejecución en el carácter de liquidadores de Sucesores de

Antonio Diez; siendo el segundo punto a resolver, el de si el título que sirve de base a la ejecución es válido, o si por el contrario adolece de algún vicio que envuelva la nulidad del mismo.

"*Considerando:* que en cuanto al primer punto, el de falta de personalidad de la sociedad ejecutante, está completamente desprovisto de fundamento, por cuanto en la escritura de constitución social de Diez y Arrarás se establece de una manera que no deja lugar a dudas de ningún género, en la cláusula décimo tercera, que la nueva sociedad será liquidadora de Sucesores de Antonio Diez, estando inscrita dicha escritura, según es de verse por la certificación obrante al folio 126 de estos autos, en el registro mercantil de Ponce con fecha primero de abril de 1902, y aun cuando esta inscripción ha sido hecha con posterioridad a la interposición de la demanda ejecutiva, semejante circunstancia carece de la importancia que le atribuye la representación profesional de José Bascos y Monserrate García, pues si bien la falta de personalidad produce la nulidad de las actuaciones en que haya intervenido el que sin derecho a ello ha gestionado en juicio, dichas actuaciones rivalidan *ipso facto* tan pronto se subsane la citada falta, según tiene declarado el Tribunal Supremo de España en repetidas sentencias.

"*Considerando:* además que según resulta de la certificación obrante a los folios 127 siguientes de estos autos, la sociedad Sucesores de Antonio Diez, S. en C., está inscrita en el registro mercantil de Ponce desde el 28 de agosto de 1895, razón más para desestimar (*) la falta de personalidad invocada por la representación de José Bascos y su esposa.

"*Considerando:* que si bien uno de los requisitos indispensables para la validez de los contratos es el consentimiento, y que es nulo a tenor de lo preceptuado en el artículo 1265 del Código Civil antiguo, el consentimiento prestado por error o dolo, es necesario, sin embargo, que el que invoca la causa de la nulidad la pruebe de una manera satisfactoria a los ojos del juzgador, lo que no ha sucedido en el presente caso, pues lejos de haberse demostrado que Doña Narcisa Bascos suscribió equivocadamente la escritura que sirve de base a la ejecución, inducida a ello por las maquinaciones insidiosas de sus acreedores, se ha demostrado hasta la saciedad que la referida Bascos otorgó dicha escritura con pleno conocimiento de causa por ser conocedora de las operaciones que con Sucesores de Antonio Diez sostenían tanto ella como sus padres, según puede comprobarse examinando las esquelas o papeles privados que suscritos por ella y por ella reconocidos en el

acto del juicio oral, existen en estos autos ocupando los folios 52, 53, 54, 55 y 56 sin que argumento tan concluyente haya sido desvirtuado por ninguna de las alegaciones de la parte ejecutada, quien sólo se ha limitado a traer para demostrar las maquinaciones insidiosas que precedieron al otorgamiento de la escritura hipotecaria, las declaraciones de dos testigos, Jose Castillo y Vicente Luperroir, quienes únicamente manifestaron en el acto del juicio oral, el primero que en varias ocasiones vió en casa de Bascos a Luis Ortega, socio de Sucesores de Antonio Diez, que concurría a dicha casa con objeto de que Narcisa de aquel apellido, le otorgase una hipoteca, manifestándole que de no hacerlo así, le pararían perjuicios a ella y a su familia, expresándose en análogos términos el segundo, sin que le conste que se otorgase la escritura de referencia, prueba que es a todas luces insuficiente para destruir el contenido de lo consignado en una escritura pública que debe reputarse válida y eficaz, ínterin de una manera evidente no se demuestre lo contrario.

"*Considerando:* que no habiendo demostrado los ejecutados la causa de nulidad invocada así como tampoco la falta de personalidad alegada, deben ser éstas desestimadas.

"*Vistos* los artículos 1433, 1462, 1465, 1471, 1472 de la Ley de Enjuiciamiento Civil; los del Código Civil aplicables al caso y a la Orden General 118 de 1899.

"*Fallamos:* que debemos mandar y mandamos seguir adelante la ejecución hasta hacer trance y remate de los bienes embargados y con (\*) su valor satisfacer al ejecutante la cantidad de tres mil novecientos dollars, intereses convenidos a razón del 12 por ciento anual y costas causadas y que se causen hasta el definitivo pago.

"Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos. Arturo Aponte, J. A. Erwin, Luis Méndez Vaz."

*Resultando:* que contra la expresada sentencia interpusieron Don José Bascos, su esposa Doña Monserrate García y la hija Doña Narcisa Bascos recurso de casación por infracción de ley y elevados los autos a esta Corte Suprema, se sustanció el recurso como de apelación, cumpliendo con la ley de la Asamblea Legislativa de doce de marzo último, señalándose día para la vista, en la que los letrados de las partes alegaron cuanto estimaron conveniente a la defensa de sus respectivas pretensiones.

Abogado de los apelantes: *Sr. Fernando Vázquez.*

Abogado de los apelados: *Sr. López Landrón.*

El Juez Asociado Sr. Figueras, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los resultandos de la sentencia, y además;

*Resultando:* que a instancia de la ejecutada Doña Narcisa Bascos, se trajo en el inferior certificación expedida por el juzgado municipal de Añasco, en la que consta que dicha señora presentó ante dicho juzgado, con fecha 20 de febrero de 1902, demanda de conciliación para solicitar la nulidad de la escritura hipotecaria de 24 de febrero de 1897, dice, debe ser de 1898, y en virtud de esa papeleta de demanda se citó a Don Antonio Diez y a Don José Arrarás, gestores de sucesores de D. Antonio Diez, pero no hay constancia alguna creditiva de que se celebrara dicho acto de conciliación, ni menos que se promoviera juicio sobre la nulidad del contrato.

*Aceptando* los fundamentos de derecho de la sentencia recurrida, y

*Considerando:* que la acción de nulidad de los contratos (*) sólo dura cuatro años, que en el presente caso deben contarse desde que se consumó el impugnado, o sea, desde el 24 de febrero de 1898.

*Considerando:* que el error y el dolo que alega en su favor Doña Narcisa Bascos y que no se presumen nunca, no se han demostrado, pero aun suponiendo lo contrario, siempre resultará que la acción de nulidad ha prescrito por el transcurso del término legal que la ley concede para ejercitar con fruto ese derecho.

*Considerando:* que el acto de conciliación tampoco puede producir el efecto de interrumpir la prescripción si no se promoviere el correspondiente juicio dentro de los dos meses siguientes a la celebración al acto sin avenencia, y si esto es así, no puede el solo intento de la conciliación producir esos efectos.

*Considerando:* que debiéndose desestimar en su totalidad

las pretensiones de los apelantes, deben éstos ser condenados en todas las costas.

*Vistos* los textos legales que en la sentencia se citan y además los artículos 1300, 1301 del antiguo Código Civil, 1267, 1268 del revisado y 478 de la Ley de Enjuiciamiento Civil.

*Fallamos:* que debemos confirmar y confirmamos la sentencia recurrida con las costas a los apelantes y ejecutados Don José Bascos, Doña Monserrate García y Doña Narcisa Bascos y García; y devuélvanse los autos al tribunal de Mayagüez con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.(*)