MIGUEL NADAL FREMAINT Y SU ESPOSA NOELIA CINTRÓN, demandantes y recurrentes, *v.* HULL DOBBS 65th INFANTRY FORD, INC. y FORD MOTOR COMPANY, demandados y recurridos.

*Número*: R-72-97    *Resuelto*: 12 de octubre de 1973

*José H. Picó* y *Francisco Ariel Avilés Rodríguez,* abogados de los recurrentes; *Orlando J. Antonsanti* y *Ernesto González Piñero,* abogados de Hull Dobbs 65th Infantry Ford, Inc.; y *Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas,* abogados de Ford Motor Company.

PER CURIAM: En marzo de 1969 el recurrente Miguel Nadal Fremaint compró a la recurrida Hull Dobbs 65th Infantry Ford, Inc. y Ford Motor Company un automóvil

Falcon por la cantidad de $4,200 con garantía de fábrica. Doce días después de haberle sido entregado el vehículo su esposa se dispuso a ir a los talleres de la recurrida para que le aplicaran "Fendix" y en el camino al taller el vehículo dejó de funcionar. Una grúa trasladó el vehículo a los talleres de la recurrida. El gerente del taller le informó a Nadal que se le iba a poner un motor nuevo. A este respecto consta en el récord una carta dirigida por la recurrida al Better Business Bureau informándole que ya se había ordenado un nuevo motor. (Exh. 7 del demandante.) El vehículo estuvo en los talleres de la recurrida por cerca de 50 días. No le cambiaron el motor sino que se le hizo una reparación sustancial cambiándole varias piezas.

Dos semanas después de reparado y entregado el vehículo a Nadal volvió a tener problemas con el mismo. En esta ocasión hubo que repararle el diferencial tomando la reparación cerca de 8 días. A pesar de los arreglos el vehículo no tenía la fuerza que debía tener, es lento y el recurrente se ha visto obligado a limitar su uso al área metropolitana. Es evidente que de haber conocido estos vicios no lo hubiese adquirido. El tribunal de instancia, no obstante, desestimó la demanda de rescisión de contrato y daños y perjuicios del recurrente concluyendo que el recurrido había cumplido con sus obligaciones al sanear los defectos, y, señalando que el vehículo se había seguido usando por el recurrente hasta la celebración del juicio tres años después. Expedimos el auto para revisar.

La prueba que hemos reseñado demuestra a cabalidad que a pesar de las reparaciones el funcionamiento del vehículo era deficiente. El recurrente se vio obligado a continuar su uso por la sencilla razón de que no tenía recursos para adquirir otro. El récord revela las múltiples gestiones que él hizo con la recurrida y con la codemandada Ford Motor Company para rescindir el contrato. Todos sus esfuerzos resultaron inútiles viéndose obligado a usar el vehículo en forma limitada. Es de notar que el recurrente presentó su

demanda a los cinco meses de haber adquirido el vehículo y que durante ese tiempo la recurrida tuvo el vehículo en reparación por casi dos meses.

A la luz de lo resuelto en *Ferrer* v. *General Motors Corp.*, 100 D.P.R. 246 (1971), *procede la revocación de la sentencia recurrida.*