MIGUEL NADAL FREMAINT Y SU ESPOSA NOELIA CINTRÓN, demandantes y recurrentes, *v.* HULL DOBBS 65th INFANTRY FORD, INC. y FORD MOTOR CO., demandados y recurridos:

*Número:* R-72-97     *Resuelto:* 17 de octubre de 1974

---

*José H. Picó* y *Francisco Ariel Avilés Rodríguez,* abogados de los recurrentes; *Orlando J. Antonsanti* y *Ernesto González Piñero,* abogados de Hull Dobbs 65th Infantry Ford, Inc., y *Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas* y *Manuel González Gierbolini,* abogados de Ford Motor Company.

PER CURIAM: En la opinión *Per Curiam* emitida por este Tribunal con fecha 12 de octubre de 1973, 101 D.P.R. 708 (1973), en el caso de epígrafe, revocamos la sentencia recurrida dictada por el Tribunal Superior, Sala de San Juan (Hon. Jaime Frank Paganacci, Juez), de fecha 1 de marzo de 1972, por la cual declaró sin lugar la demanda, con costas, sin honorarios de abogado; y en su lugar dictamos sentencia declarando con lugar la demanda, condenando a Hull Dobbs 65th Infantry Ford, Inc.[1] a reembolsar al recurrente el precio pagado por el vehículo ascendente a la suma de $4,200.00, más las costas y $500.00 de honorarios de abogado.

Dicha codemandada "Hull Dobbs" presentó moción de reconsideración de nuestra referida sentencia; por la cual nos pide que, por vía de reconsideración, se aclaren los términos de la sentencia dictada para que se conformen con la sentencia en reconsideración dictada por este Tribunal el 17 de febrero de 1972 en el caso de *Ramón Ferrer Delgado* v. *General Motors Corp.* y *otros,* núm. R-70-34 (Ref. C.A. 72-8(a)).[2] Alega que en los autos hay una alegación específica en la demanda a los efectos de que Ford Motors Corp. es el fabricante del vehículo objeto de la controversia, cuya alegación aparece admitida por ambas partes demandadas en la conferencia con antelación al juicio; y que, por otro lado, quedó claro al iniciarse la vista del caso que la codemandada

[1] En adelante la llamaremos "Hull Dobbs".

[2] La sentencia original aparece reportada en 100 D.P.R. 246 (1971) (Rigau).

"Hull Dobbs" es un concesionario de la codemandada Ford Motors Corp., y que es ésta la que ofrece garantía sobre los vehículos fabricados por ella, y no los concesionarios. Alega además, que siendo ésta la situación del caso; y que desprendiéndose de la evidencia presentada "diligencias más que razonables" de la codemandada "Hull Dobbs" para reparar el vehículo, que era uno nuevo, también según la evidencia, no se justificaría una sentencia en su contra a la luz de la sentencia en reconsideración dictada en el caso *Ferrer Delgado,* supra; en la cual se condenó en definitiva a la General Motors Corp., fabricante del vehículo, a satisfacer a los concesionarios Vaillant Motors Corp. y Cabrera Hermanos, Inc., el importe de la sentencia dictada.

Sostiene además, que no se dispuso nada con relación a la depreciación de que ha sido objeto el vehículo por espacio de cuatro años que ha estado en poder de la parte demandante, bajo uso contínuo; ni tampoco a los efectos de que la parte demandante viene obligada a entregar el vehículo a la codemandada Ford Motors Corp., una vez satisfecha la sentencia, como se dispuso en la sentencia en reconsideración dictada en dicho caso de *Ferrer Delgado,* supra.

Por otro lado, sostiene que la sentencia debe ser reconsiderada por el fundamento de que la prueba que sirvió de base para dictar la misma, está basada estrictamente en la declaración del demandante Miguel Nadal Fremaint, en el sentido de que ". . . a pesar de los arreglos el vehículo no tenía la fuerza que debía tener, . . ."; y el demandante no presentó prueba sobre cuál es la fuerza normal que debe tener un vehículo objeto del litigio; y el mismo demandante admitió no ser perito mecánico.

Argumenta finalmente, que la codemandante Noelia Cintrón declaró que, aparte de que el vehículo la dejó a pie en una ocasión al principio que lo compró, con posterioridad a eso en ninguna otra ocasión el vehículo la había dejado a pie; y, por el contrario, lo había utilizado ininterrumpidamente hasta

la fecha de la vista del caso en su fondo, para llevar a sus hijos a la escuela y para llevar a cabo su trabajo de decoración llevando en el vehículo lotes de tela, ganchos de cortinas, alfajías, taladros, equipo eléctrico para la instalación de cortinas y otras cosas.

Por todos dichos motivos, dicha codemandada "Hull Dobbs", nos pide, en reconsideración: (1) que dejemos sin efecto la sentencia que dictamos y en su lugar se confirme la dictada en el tribunal de instancia; ó, (2) en la alternativa, que se modifique nuestra sentencia, a los efectos de que se condene a la codemandada Ford Motors Corp., fabricante del vehículo, a satisfacer directamente a la parte demandante el importe de la sentencia dictada por este Tribunal; (3) que se ordene, a su vez, que los demandantes restituyan la propiedad objeto del litigio a la codemandada Ford Motors Corp.; y (4) que se fije una partida razonable como depreciación del vehículo por el uso que al mismo le han dado los demandantes durante cuatro años y medio.

La codemandada Ford Motors Company, fabricante del vehículo, radicó una "Oposición a Moción de Reconsideración", oponiéndose a dicha moción de reconsideración, por entender que la decisión en el caso de *Ferrer Delgado*, supra, no es de aplicación al caso de autos. Argumenta que en la sentencia, en reconsideración, en el caso de *Ferrer Delgado*, supra, este Tribunal declaró con lugar unas reclamaciones *contra coparte* instadas por las codemandadas Vaillant Motors Corp. y Cabrera Hermanos, Inc., contra la codemandada y fabricante del vehículo General Motors Corporation; y que el caso de autos es muy distinto, toda vez que la codemandada "Hull Dobbs" no radicó reclamación contra coparte en contra del fabricante del vehículo; y al contestar la demanda original dicha codemandada "Hull Dobbs" tampoco hizo alegación alguna en contra del fabricante, a pesar de haber levantadas cinco defensas afirmativas en su contestación; y por el contrario, sí existe una demanda contra coparte radicada por

dicha Ford Motors Corporation contra "Hull Dobbs", alegando que éste fue negligente en la reparación y el mantenimiento realizado en el vehículo de la parte demandante. A esta demanda contra coparte, "Hull Dobbs" únicamente contestó negando dicha alegación, pero tampoco hizo alegación alguna en contra del fabricante del vehículo; por lo cual alega que ahora no puede pedir que se modifique nuestra sentencia para responsabilizar únicamente al fabricante. Alega además, que de nuestra sentencia no se desprende que el automóvil objeto de la demanda tuviera un vicio o defecto de construcción que fuera atribuible al fabricante; y por el contrario, que la sentencia claramente expone que "Hull Dobbs", a pesar de haber retenido el vehículo por casi dos meses, no hizo una reparación adecuada; y que tampoco procede responsabilizar al fabricante toda vez que no existe prueba en el récord que demuestre que el vehículo no era susceptible de ser reparado; y la prueba pericial confirma lo contrario, o sea, que el vehículo podía ser reparado y fue reparado por "Hull Dobbs". Alega también que, por otro lado, el récord demuestra que esta última no cumplió con su promesa de ponerle un motor nuevo al vehículo del demandante.

En la alternativa, Ford Motors Corporation, solicita a su vez que, reconsideremos nuestra sentencia; ya que contiene error al descartar en su totalidad la prueba pericial presentada por las codemandadas. Alega que dicha prueba presentada por voz del perito Eugenio Malpica, mecánico de 20 años de experiencia en los productos Ford y General Motors, fue a los efectos de que el vehículo fue reparado y quedó en perfectas condiciones de funcionamiento; y que ésto fue corroborado ampliamente por el testimonio de la propia codemandante Noelia Cintrón Ruíz de Nadal a los efectos de que ella había venido utilizando diariamente el vehículo en su trabajo durante los tres años anteriores al juicio y lo había venido utilizando precisamente para aquellas funciones para las cuales fue adquirido el mismo; y que constituiría un enriquecimiento

injusto si al cabo de los años de haber estado disfrutando de la cosa comprada, se le devuelve el dinero pagado, más sus intereses, sin que él por su parte venga obligado a devolver la cosa tal y como la adquirió; o en su defecto, se conceda un crédito al vendedor por el uso y disfrute de la cosa por parte del comprador durante el tiempo en que éste estuvo bajo su posesión.

Los demandantes Miguel Nadal Fremaint y su esposa Noelia Cintrón radicaron una "Moción en Oposición a Moción de Reconsideración", en la cual, en síntesis alegan; que no tienen objeción alguna a que se reconsidere la sentencia únicamente en cuanto a que se ordene la restitución del vehículo objeto del litigio a la codemandada "Hull Dobbs" por los demandantes. En cuanto a las otras cuestiones planteadas por la moción de reconsideración de "Hull Dobbs", entienden que son improcedentes en derecho.

Radicaron además, una "Moción Solicitando Enmienda a la Sentencia", en la que solicitan que de conformidad con la Regla 44.4 (e) de Procedimiento Civil procede que se condene a la parte demandada a pagar intereses sobre el principal de la demanda desde la radicación de la misma.

■ Comenzaremos por rechazar la solicitud de "Hull Dobbs" en el sentido de que dejemos sin efecto nuestra sentencia dictada el 12 de octubre de 1973, ya que la prueba claramente demostró que "a pesar de las reparaciones, el funcionamiento del vehículo era deficiente." Lo que sí procede es que el recurrente entregue el vehículo objeto del presente litigio a "Hull Dobbs". Así se dispuso en el caso de *Ferrer Delgado*, supra; y a ello se allanan todas las partes en el presente litigio.

Pasemos a reconsiderar ahora, la condena a "Hull Dobbs" únicamente, del precio pagado del automóvil ($4,200), más $500.00 de honorarios de abogados. A la luz de la transcripción de evidencia y de los documentos que obran en autos, concluimos que al igual que en el caso de *Ferrer Delgado,* supra,

el automóvil objeto del presente litigio fue vendido con vicios ocultos, por lo que surge una obligación de saneamiento. "La norma general es que incumbe a la parte vendedora reembolsar el precio. Pero la acción también procede contra el fabricante, en virtud de la garantía expresa antes mencionada." [3]

■ En el caso ante nos, la parte demandante radicó su demanda tanto contra la vendedora del automóvil, "Hull Dobbs", como contra el fabricante Ford Motor, por lo que procede que reconsideremos nuestra sentencia a los efectos de condenar a ambos a pagar al recurrente el precio pagado por el vehículo, ya que las dos recurridas son solidariamente responsables ante la parte recurrente. En nuestra sentencia original omitimos incluir a la otra demandada, o sea Ford Motor Company, quien también es solidariamente responsable al demandante. Eso mismo concluimos en nuestra Opinión en el caso de *Ferrer Delgado*, supra; sólo que en dicho caso dictamos una Sentencia en Reconsideración, ya que debido a que se trataba de un defecto o vicio oculto de fábrica, procedía declarar con lugar las demandas contra coparte radicadas por la vendedora y el distribuidor en contra del fabricante. Allí la vendedora descargó responsablemente su deber de poner en vigor la garantía del fabricante y envió a reparar el automóvil varias veces, pero el mismo no era susceptible de reparación debido al defecto de fábrica que adolecía. Es por ello que condenamos al fabricante a pagar a las otras dos demandadas cualquier cantidad que en virtud de la sentencia se vieran obligados a pagar al dueño del vehículo.

En el caso ante nos, Ford Motor Company, al contestar la demanda, incluyó una Demanda Contra Coparte, y alegó que: "De ser ciertas las alegaciones hechas por la parte demandante en el sentido de que dicha Hull Dobbs 65th Infantry Ford, Inc. fue negligente en la reparación y mantenimiento realizado en el vehículo del demandante, dicha co-demandada

---

[3] *Ferrer Delgado*, supra, cita precisa a la pág. 257.

debe responderle a la co-demandada Ford Motor Company de cualesquiera cantidades que, ésta viniere, a su vez, obligada a pagarle a los demandantes."

De los autos originales del caso no surge que "Hull Dobbs" radicara a su vez, demanda contra coparte, contra Ford Motor.

■ Veamos si "Hull Dobbs" incurrió o no en responsabilidad al poner en vigor la garantía del fabricante. Cuando a las dos semanas de entregado el vehículo deja de funcionar, es llevado al taller de "Hull Dobbs" donde se le informa al demandante que le pondrían un motor nuevo. "A este respecto consta en el récord una carta dirigida por la recurrida al Better Business Bureau informándole que ya se había ordenado un motor nuevo. (Exh. 7 del demandante.) El vehículo estuvo en el taller de la recurrida por cerca de 50 días. No le cambiaron el motor sino que se le hizo una reparación sustancial cambiándole varias piezas."[4] De dicho Exhibit 7 del demandante surge que se ordenó un motor nuevo, que se recibió, pero que no se le instaló el mismo al automóvil. Es por ello que concluimos que "Hull Dobbs" fue negligente al dejar de cumplir con la garantía de fábrica como era debido. Al Sr. Nadal Fremaint se le ofreció un motor nuevo y no se le puso a su automóvil, por lo que el mismo nunca funcionó debidamente. Procede por tanto, declarar con lugar la demanda contra coparte radicada por Ford Motor Company.

■ Por último, pasaremos a considerar la alegación de las demandadas recurridas de que se fije una partida razonable como depreciación del vehículo por el uso que le han dado los demandantes. Igual alegación se nos hizo en el caso de *Ferrer Delgado*, supra, y no concedimos cantidad alguna por dicha reclamación. No hay ningún enriquecimiento de parte del demandante al recibir el precio del automóvil sin

---

[4] Véase nuestro *Per Curiam* de 12 de octubre de 1973 en el presente caso y además la transcripción de evidencia, págs. 54–56.

descontar su depreciación, ya que se vió obligado a continuar el uso del automóvil "por la sencilla razón de que no tenía recursos para adquirir otro. El récord revela las múltiples gestiones que él hizo con la recurrida y con la codemandada Ford Motor Company para rescindir el contrato. Todos sus esfuerzos resultaron inútiles viéndose obligado a usar el vehículo en forma limitada. Es de notar que el recurrente presentó su demanda a los cinco meses de haber adquirido el vehículo y que durante ese tiempo la recurrida tuvo el vehículo en reparación por casi dos meses." Bastante injusto resultó el tener que usar un automóvil defectuoso, luego de haber entregado a cambio el precio de compra, que fue usado por la vendedora a su mejor conveniencia. De haberle devuelto el dinero cuando el carro demostró ser defectuoso, hubiera podido el demandante adquirir uno parecido, nuevo y en perfectas condiciones; cosa que hoy día no podrá hacer con dicho dinero, debido al aumento en el valor de los automóviles.

Solicita el recurrente que se dé aplicación a la Regla 44.4 (e) de las de Procedimiento Civil, que lee así:

"(e) El Tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés legal desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la radicación de la demanda, en casos de *daños y perjuicios,* a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus agencias, las corporaciones públicas, o los municipios de Puerto Rico, disponiéndose que las disposiciones de este inciso solamente serán aplicables a las causas de acción que surgieren con posterioridad a la fecha de su aprobación (26 de mayo de 1967).—Enmendada en Mayo 26, 1967, Núm. 68, p. 276, ef. Mayo 26, 1967. (Subrayado nuestro.) 32 L.P.R.A. Ap. II, R. 44.4 (e)."

No son de aplicación las disposiciones de dicha regla, al presente caso. No se trata aquí de un caso de cobro de

dinero, ni de daños y perjuicios, ([5]) sino de una acción de saneamiento por vicios ocultos. En casos como el presente, solamente se conceden daños y perjuicios cuando el vendedor conocía los vicios o defectos ocultos. 31 L.P.R.A. 3844. Por lo tanto no procede que se concedan los intereses solicitados.

En mérito de lo antes expuesto, *reconsideramos nuestra Sentencia de 12 de octubre de 1973, en el sentido de que tanto Ford Motor Company como "Hull Dobbs" son mancomunada y solidariamente responsables ante el demandante. Que una vez satisfecha la sentencia, procede que los demandantes entreguen a "Hull Dobbs" el automóvil objeto de este litigio. En virtud de que declaramos con lugar la demanda contra coparte radicada por Ford Motor Company, procede que "Hull Dobbs" le pague a Ford Motor Company cualquier suma que en virtud de la sentencia del Tribunal, esta codemandada venga obligada a pagar al demandante.*

*Queda en todo vigor y efecto los demás pronunciamientos de la sentencia anterior.*

El Juez Presidente, Señor Trías Monge, disiente de la parte de la opinión en que se declara con lugar la demanda contra coparte radicada por Ford Motor Company, ya que respetuosamente entiende que los hechos no son lo suficientemente claros para justificar dicha conclusión.

---

([5]) En este caso se tituló la demanda, ACCION CIVIL. "Carece de importancia alguna el título que un abogado de a sus alegaciones en el encabezamiento de las mismas, pues la determinación de la naturaleza o carácter de una alegación depende de su contenido, no de su encabezamiento". *The Juncos Central Co.* v. *Rodríguez,* 16 D.P.R. 302 (1910).