HÉCTOR L. SCHMIDT, hoy FEDERICO HERNÁNDEZ DENTON, en su carácter de SECRETARIO DEL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, en representación y a beneficio de RAFAEL DÍAZ ROMERO, demandante y recurrente, *v.* MARCELINO MERCURY, INC., y FORD MOTOR COMPANY CARIBBEAN, INC., demandados y recurridos.

*Número:* R-76-168      *Resuelto:* 31 de agosto de 1976

*Mario Batiz Santos, Reinaldo Rodríguez Pagán, Wilfredo López Irizarry, Migdalia Fratichelli Torres, Samuel Martir Santiago, Yusif Maguz Blanco* y *Julio López Keelan,* abogados del Departamento de Asuntos del Consumidor; *Meléndez &*

*Suárez,* abogados de Marcelino Mercury, Inc.; *Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas,* abogados de Ford Motor Company Caribbean, Inc.

PER CURIAM: En mayo de 1971, el señor Díaz Romero le compró a Marcelino Mercury, Inc., distribuidor de Ford Motor Company Caribbean, Inc., un vehículo nuevo por el precio de $10,300, del cual entregó $3,000 en efectivo y se le tomó a cuenta un automóvil usado por la suma de $3,200. El balance se pagaría a plazos.

A las tres semanas de la adquisición del vehículo, éste comenzó a oxidarse en diferentes partes. El comprador solicitó inmediatamente de Marcelino Mercury la solución del problema, desconocido para él al momento de la compra, pero no se atendió su reclamo. Acudió entonces en varias ocasiones, pues la condición del auto se agravaba, a Ford Motor Company Caribbean, Inc., donde tampoco recibió ayuda. Más de un año después de la fecha de la compra, un ingeniero de Ford Motor Company recomendó que se sustituyesen las puertas traseras del carro por otras nuevas; que se reparase la oxidación en la parte baja de la puerta izquierda delantera; que se intentase detener la oxidación en el interior de las ventanas traseras y se pintase un guardalodo; y que se eliminase la oxidación del piso del baúl y también se le pintase. Marcelino Mercury ofreció entonces reparar el vehículo sin costo al comprador, pero éste, tras intentar infructuosamente obtener que se le entregase un coche nuevo, instó demanda para que se declarase resuelto el contrato descrito de venta.

El tribunal de instancia concluyó que los hechos del caso "revelan claramente la existencia de vicios ocultos en el vehículo comprado por el demandante" y que el demandante "optó por la rescisión del contrato celebrado, con abono de los gastos pagados", pero que su conducta "envolvió un rechazo injustificado de lo que tenía derecho—la reparación propuesta a su vehículo." El tribunal se negó en consecuencia a permitir la rescisión, mas declaró con lugar la demanda en senten-

cia de 6 de abril de 1976 y condenó a Marcelino Mercury y a Ford Motor Company a pagar solidariamente al demandante la suma de $1,500 y las costas.

Instado el correspondiente recurso de revisión ante este foro por el demandante, dictamos orden de mostrar causa por la cual no deba declararse resuelto el contrato y ordenarse el reembolso de los gastos incurridos.

Los Arts. 1373 a 1375 de nuestro Código Civil, 31 L.P.R.A. secs. 3841–3843, disponen:

"Art. 1373. El vendedor estará obligado al saneamiento por los defectos ocultos que tuviere la cosa vendida, si la hacen impropia para el uso a que se la destina, o si disminuyen de tal modo este uso que de haberlos conocido el comprador, no la habría adquirido, o habría dado menos precio por ella; pero no será responsable de los defectos manifiestos o que estuvieren a la vista, ni tampoco de los que no lo estén, si el comprador es un perito que por razón de su oficio o profesión, debía fácilmente conocerlos.

Art. 1374. El vendedor responde al comprador del saneamiento por los vicios o defectos ocultos en la cosa vendida aunque los ignorase.

Esta disposición no regirá cuando se haya estipulado lo contrario, y el vendedor ignorara los vicios o defectos ocultos de lo vendido.

Art. 1375. En los casos de las dos secciones anteriores, el comprador podrá optar entre desistir del contrato, abonándosele los gastos que pagó, o rebajar una cantidad proporcional del precio, a juicio de peritos.

Si el vendedor conocía los vicios o defectos ocultos de la cosa vendida y no los manifestó al comprador, tendrá éste la misma opción y además se le indemnizará de los daños y perjuicios, si optare por la rescisión."

■ Se advertirá que el paso inicial para precisar la aplicación de las dos acciones edilicias que aquí nos ocupan consiste en determinar lo que constituye un vicio o defecto oculto. Pueden existir defectos que no den margen a la acción redhibitoria o a la de *quanti minoris,* aunque bajo las debidas cir-

cunstancias sí a otras. Para que surja la obligación de saneamiento por defectos ocultos el vicio tiene que ser de tal orden que, de haberlo conocido el comprador, o no habría comprado la cosa o habría pagado por ella un precio inferior. Scaevola, *Código Civil*, tomo XXIII, vol. 2, 1970, pág. 188. Según señala Manresa, *Comentarios al Código Civil*, tomo X, vol. 1, 6ª ed. rev., 1969, pág. 336:

"El vicio redhibitorio ha de constituir, como las mismas palabras empleadas por el Código lo están indicando, un defecto, una imperfección de la cosa, y un defecto de tal naturaleza, que entrañe cierta importancia, pues una imperfección cualquiera, un defecto de poca monta, carece de entidad para dar lugar a la redhibición."

En otros términos, no son vicios redhibitorios o cuantiminosos aquellos defectos que no exceden de la medida de las imperfecciones menores que cabe esperar normalmente en un producto determinado. No es imprescindible, sin embargo, como apunta el profesor Guaroa Velázquez, que el defecto concernido imposibilite el uso de la cosa; basta con que merme notablemente su valor. Velázquez, *Responsabilidad por los Defectos de Edificaciones*, 20 Rev. Jur. U.P.R. 13 (1950). A tal efecto véanse: la Sentencia de 25 de enero de 1924 (Esp.) (soldadura indebida del cigüeñal de un automóvil que no convertía en inservible el vehículo); *Berríos* v. *Courtesy Motors of P.R., Inc.*, 91 D.P.R. 441 (1964) (defecto en la transmisión de un automóvil); *Millán* v. *Caribe Motors Corp.*, 83 D.P.R. 494 (1961) (fractura en la caja de bolas, el radiador y la tapa del bloque); y, caso debatible, *Fuentes* v. *Hull Dobbs Co.*, 88 D.P.R. 562 (1963) (neumáticos defectuosos). En todos estos casos se permitió la acción redhibitoria.

Se acepta generalmente por la doctrina que la apreciación de la importancia del defecto a los fines de resolver la aplicación de los artículos citados del Código Civil es esencialmente una cuestión de hecho. Scaevola, *supra*, 190. No debe intervenirse en tal sentido con la discreción del juzgador, ex-

cepto en ausencia de prueba adecuada o comisión de error manifiesto en su apreciación.

En la situación presente el tribunal de instancia concluyó, como hemos visto, que los defectos que acusó el automóvil poco después de comprado constituían vicios ocultos. Esta determinación no es irrazonable a la luz de la prueba. Un automóvil nuevo puede ser objeto de pequeñas oxidaciones aisladas que no alcancen la categoría de vicio oculto, aunque en cambio den base para requerir su reparación gratuita. Las oxidaciones que sufrió el vehículo del comprador en este caso, no obstante, fueron tan súbitas, numerosas y extensas que es propio suponer que eran el producto de un grave defecto y que hicieron mella de importancia en el valor del automóvil.

A pesar de que se determinó la existencia de un vicio oculto ignorado por las partes, el tribunal de instancia se negó a permitir la acción redhibitoria, admitiendo en vez la estimatoria. Ello constituyó error. Si surge la obligación de saneamiento por defectos ocultos bajo los Arts. 1373 y 1374 del Código Civil, el comprador es quien tiene la facultad absoluta de optar entre solicitar la resolución del contrato, abonándosele los gastos que pagó, o requerir la rebaja proporcional del precio. Scaevola, *supra*, 205.

*Se expedirá el auto y se modificará la sentencia dictada a los fines de declarar resuelto el contrato y ordenarles a los recurridos a pagarle solidariamente al recurrente las sumas abonadas por él, montantes a $6,200, más los gastos pagados por él a los recurridos por concepto de mensualidades vencidas, registro, seguro y financiamiento, más intereses al tipo legal sobre dichas sumas, más las costas. El recurrente deberá entregarle el vehículo a la parte recurrida. Así modificada se confirmará la sentencia.*