ANA GARCÍA VIERA, demandante y recurrente, *v.* CIUDAD CHEVROLET, INC., GENERAL MOTORS ACCEPTANCE CO., demandados y recurridos.

*Número:* R-78-167      *Resuelto:* 30 de junio de 1980

*Cancio, Cuevas & Mayo* y *Juan Carlos Gorbea,* abogados de la parte recurrida; *Ralph Vallone, Jr.,* y *Richard A. Lee,* abogados de la parte recurrente.

PER CURIAM: Surge el presente recurso de una acción de rescisión de contrato por vicios ocultos, cuyos hechos pertinentes, probados ante el tribunal de instancia, son los siguientes.

La demandante, Ana García Viera, compró a Ciudad Chevrolet, Inc., un automóvil Nova, modelo 1976, por precio de $7,200, cuyo vehículo le fue entregado el 27 de setiembre de 1976. En el mes de octubre siguiente, la demandante acudió a la casa vendedora reclamando la reparación de varios defectos, ninguno de ellos de índole mecánica, y éstos fueron corregidos. Al mes siguiente, el vehículo dejó de funcionar debido a un desperfecto en la bomba de aceite. Notificada la vendedora de lo sucedido, sustituyó dicha bomba por una

nueva y devolvió el vehículo a la demandante el 8 de diciembre de 1976. El 15 de enero de 1977 acudió nuevamente la demandante donde la vendedora, advirtiéndole esta vez que el vehículo perdía aceite. La vendedora descubrió entonces que dicha pérdida se debía a la impropia instalación de un pequeño sello que normalmente impide la salida de aceite, al cambiarse anteriormente la bomba. Consecuentemente, instaló un sello nuevo y devolvió el vehículo el día 4 de febrero de 1977. La demandante visitó posteriormente a la vendedora en dos ocasiones adicionales porque el vehículo seguía perdiendo aceite, aunque en menor cantidad. Dicha pérdida de aceite nunca impidió el uso del vehículo que, por lo demás, siempre siguió funcionando normalmente.

Así las cosas, la demandante requirió entonces de la vendedora la rescisión del contrato de compraventa sobre el vehículo en cuestión, alegando que no aceptaba más reparaciones. El día 23 de marzo, ante la negativa de la vendedora de acceder a lo requeridole, la demandante instó la presente acción al amparo de los Arts. 1373, 1374 y 1375 del Código Civil, 31 L.P.R.A. secs. 3841, 3842 y 3843. [1]

Luego de incoada la acción, el día 15 de abril de 1977 y mientras la demandante utilizaba su vehículo, éste se calentó y dejó de funcionar. Un mecánico independiente que lo examinó encontró que el radiador estaba roto. Reparado éste (sin intervención alguna de la vendedora) la demandante siguió utilizando el vehículo, notando, sin embargo, que se calentaba y que, además, le vibraba el motor. Por ello, el 13 de junio siguiente, lo llevó donde otro mecánico, quien encontró que a causa de la rotura anterior del radiador y como resultado de la alta temperatura que había tenido entonces que soportar, la tapa del bloque del motor se había agrietado.

---

[1] Debe advertirse que la compradora hizo caso omiso de las ofertas de ayuda de la vendedora, incluyendo la de proveerle transportación sustituta mientras durasen las reparaciones por lo que la vendedora ni siquiera tuvo oportunidad de hacer buena cualquier garantía referente a un defecto en particular.

Dicha tapa fue remplazada por otra nueva. (Tampoco se le dio intervención a la vendedora.) Posteriormente, cuando ya el auto tenía 4,500 millas corridas, ese mismo mecánico remplazó una pequeña junta de corcho debajo de la tapa del motor para corregir un goteo de aceite. (No se le dio intervención a la vendedora.) Asimismo, en otra fecha posterior, a instancias de la demandante, quien insistía que el vehículo había perdido fuerza, dicho mecánico examinó el vehículo, pero no encontró desperfecto alguno. Encontró, por el contrario, que estaba en buenas condiciones y que su funcionamiento era eficiente. (No se le dio información a la vendedora.) Finalmente, en el mes de agosto de 1977, y durante un viaje que realizó la demandante a Maricao en su vehículo, las cuatro llantas radiales de éste reventaron, teniendo la demandante que reponerlas a un costo de $125.00.

No obstante todo lo anterior, a la fecha de la vista celebrada ante el tribunal sentenciador —febrero de 1978— el vehículo había recorrido más de 9,000 millas, y, según la determinación del juzgador, había sido "utilizado sin limitación por doña Ana García [la demandante] para su uso personal y diligencias de su casa, precisamente al uso a que estaba destinado".

A la luz de los hechos anteriormente reseñados, la Sala sentenciadora estimó improcedente la acción redhibitoria incoada, aunque ordenó a la codemandada Ciudad Chevrolet, Inc., satisfacerle a la demandante la suma de $125.00, o sea, el importe de las llantas que hubo de reponer. De dicha sentencia acudió ante nos la demandante señalando como único error la determinación del tribunal de instancia en el sentido de que los defectos que mostró el vehículo en cuestión no constituían vicios redhibitorios. Expedimos resolución para que la vendedora mostrara causa por la que no debía expedirse el auto a los fines de proveer la devolución a la compradora del importe pagado por el vehículo objeto del pleito, condicionado ello a la devolución del vehículo a la vendedora. Compareció

la compradora, quedando sometido el caso a nuestra considesración. Luego de un detenido estudio de los autos y contrario a lo intimado en la resolución anteriormente dictada, hemos decidido que la sentencia recurrida debe ser confirmada. Veamos.

Como bien apreciara la sala de instancia, el paso inicial en acciones como la presente consiste en determinar si los defectos de que adolece el vehículo objeto del contrato que se pretende rescindir, constituyen o no vicios redhibitorios. Hemos adoptado el criterio de que son vicios redhibitorios o cuantiminosos aquellos defectos que exceden de las imperfecciones menores que cabe esperar normalmente en un producto determinado, no siendo necesario que dichos defectos imposibiliten el uso de la cosa vendida, siempre que mermen notablemente su valor. Véanse: Código Civil de Puerto Rico, Arts. 1373 a 1375 (31 L.P.R.A. secs. 3841 a 3843); *D.A.C.O.* v. *Marcelino Mercury, Inc.*, 105 D.P.R. 80, 84 (1976). Hemos adoptado igualmente el criterio generalmente aceptado por la doctrina de que la apreciación de la importancia del defecto, a los fines de resolver la procedencia de la acción redhibitoria, es esencialmente una cuestión de hecho, justificándose, por lo tanto, nuestra intervención con la discreción del juzgador, sólo en aquellos casos que acusen ausencia de prueba adecuada o comisión de error manifiesto en su apreciación. *D.A.C.O.* v. *Marcelino Mercury, Inc.*, supra, págs. 84 y 85. En el caso de autos, ante las claras determinaciones de hecho del juzgador, no se justifica nuestra intervención.

A la luz de los hechos probados, no resulta irrazonable la determinación del tribunal de instancia de que los defectos que originalmente manifestara el vehículo no constituyen vicios redhibitorios. Tales desperfectos fueron reparados, y la demandante pudo seguir utilizando normalmente su automóvil. Se demostró que los defectos eran de naturaleza menor, que, como sabemos, una vez reparados, se excluye

la acción redhibitoria. (²) *Berríos* v. *Courtesy Motors of P.R., Inc.*, 91 D.P.R. 441, 447 (1964).

■ En cuanto al problema del radiador y sus consecuencias, es menester señalar que la parte actora en una acción por vicios ocultos viene obligada a probar la existencia de los vicios en que basa su acción, aunque en aquellos casos en que el funcionamiento inadecuado del vehículo es de tal gravedad que haga la cosa impropia para su uso, y así se establezca, el actor queda relevado de demostrar específicamente cuál o cuáles piezas de su vehículo están defectuosas, puesto que resultaría irrazonable exigir tal prueba adicional del actor, quien usualmente no tiene especial conocimiento de mecánica. *Ferrer* v. *General Motors Corp.*, 100 D.P.R. 246, 251–254 (1971). Pero ésa no es la situación en el caso de autos. (³) Salta a la vista que no es irrazonable la conclusión del juzgador al efecto de que el desperfecto del radiador y la consiguiente rotura de la tapa del bloque del motor, en cuya reparación no tuvo la oportunidad de intervenir la vendedora, no obedeció a un vicio oculto del vehículo, por cuanto la prueba a esos efectos resultó poco convincente.

■ Resta entonces manifestarnos sobre la rotura de las llantas radiales originales del vehículo. En una ocasión anterior, específicamente en *Fuentes* v. *Hull Dobbs Co.*, 88 D.P.R. 562 (1963), este Tribunal decretó la rescisión de la compraventa de un camión, por haber resultado defectuosas sus

---

(²) Claro está, sin embargo, que aunque un vicio no sea de naturaleza redhibitoria, la vendedora o el fabricante pueden venir obligados a repararlo por mor del contrato de garantía que se haya otorgado entre las partes y pueden incurrir en responsabilidad si la reparación es inadecuada y causa perjuicios. Art. 1054 del Código Civil, 31 L.P.R.A. sec. 3018. Véase la Ley Núm. 7, de 24 de setiembre de 1979, 17 Servicio Legislativo de Puerto Rico, 1214 *et seq.* (1979). Véase también *González* v. *Centex Const. Co., etc.*, 103 D.P.R. 82, 85–86 (1974).

(³) Nótese que a la fecha de la vista el vehículo había recorrido, en diecisiete meses de uso, más de nueve mil millas en manos de la demandante, un ama de casa que lo utilizaba para las gestiones de su casa y uso personal.

llantas. Posteriormente, sin embargo, expresamos dudas en cuanto a la sabiduría de esa decisión. Véase *D.A.C.O.* v. *Marcelino Mercury, Inc.*, supra, pág. 84. Ya antes, en *Courtesy Motors of P.R., Inc.*, supra, al comentar la denegatoria de un recurso de revisión en el que se negaba la rescisión luego de la sustitución del regulador de voltaje y ajustes en el diferencial de un vehículo, establecimos "que cuando se trata de reparaciones menores, el comprador está obligado a aceptarlas". Consideramos que debemos reexaminar nuestra posición, puesto que el defecto de las llantas, por ser de fácil corrección mediante su sustitución, no es factor que afecte el buen funcionamiento de un vehículo de motor ni que merme apreciablemente el valor del mismo. En este caso, la reposición de las llantas costó $125.00, cuando el costo del automóvil excedía los $7,000. Por consiguiente, el caso de *Fuentes* v. *Hull Dobbs Co.*, supra, queda expresamente revocado en cuanto sea inconsistente con lo aquí resuelto. ([4])

*Se expedirá auto de revisión y se confirmará la sentencia recurrida que declaró improcedente la acción redhibitoria.*

---

([4]) Nada de lo expuesto, como es natural, milita contra el derecho de un adquirente a invocar la acción redhibitoria en casos en que el automóvil adolece de vicio oculto y redhibitorio que tiene como efecto que se produzca la constante rotura de sus neumáticos. *Ferrer* v. *General Motors Corp.*, supra.