# 98 DTA 156

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL V DE PONCE Y AIBONITO

GRISELLE CASTILLO RIVERA
Querellante-Recurrida

v.

FORD MOTOR COMPANY AUTO SUMMIT, INC. H/N/C SEÑORIAL FORD PONCE BANK
Querellados-Recurrente el Primero

DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR
Agencia Recurrida

Núm. KLRA-97-00618

San Juan, Puerto Rico, a 11 de marzo de 1998

Panel integrado por su presidente el Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA EN RECONSIDERACION

El 16 de enero de 1998 emitimos Resolución archivada en autos y notificada el 5 de febrero siguiente denegando la expedición de este auto. El 18 de febrero de 1998 el querellado-recurrente Ford Motor Company, en lo sucesivo Ford, presentó una moción de reconsideración. Sostuvo, entre otros fundamentos, que:

*"La determinación de DACO al evaluar la cantidad a conceder en un 10% del precio de venta es contraria a derecho, es arbitraria, y no está justificada por una evaluación justa de la prueba sustancial en el record;*

*La posibilidad de una rebaja proporcional en el precio, nunca se planteó en la vista por lo que Ford no tuvo noticia de ello ni oportunidad de defenderse, y se le violó su derecho constitucional al careo;*

*Contrario a lo que intima este Honorable Tribunal, no se trata de presentar o no presentar evidencia en esa etapa de los procedimientos."*

En atención a que el Departamento de Asuntos del Consumidor (DACO) debió aplicar el artículo 21.3 del Reglamento 4797, del 30 de septiembre de 1992, según enmendado, y de oír prueba de sus peritos para determinar el costo de la reparación del auto o la disminución de su valor resultante del defecto no corregido, procede reconsiderar nuestro dictamen para devolver el caso a DACO y la celebración de una vista.

### I

Aunque los antes mencionados errores están relacionados con la prueba testifical desfilada ante DACO, Ford no hizo solicitud alguna para presentar la exposición narrativa de la misma. █ Ello se debe a que Ford no controvierte las determinaciones de hechos formuladas por dicha agencia.

Tampoco lo hace la querellante-recurrida.

Es sabido que en ausencia de una transcripción de la evidencia presentada en el expediente de revisión habremos de presumir que la parte apelante acepta sin reservas la situación fáctica determinada por el Tribunal de Primera Instancia. *Acosta Vargas v. Tió,* 87 D.P.R. 262, 264 (1963). Además, Véase: *Benítez Guzmán v. García Merced,* 126 D.P.R. 302, 308 (1990).

Este caso se originó con la presentación de una querella por la recurrida Griselle Castillo Rivera ante DACO, en la cual ella solicitó que:

*"se repare correctamente el desperfecto o le cambien el vehículo o en su defecto la resolución del contrato."*

Tal petición estuvo fundamentada en lo dispuesto en los Artículos 1373 y 1374 de nuestro Código Civil, 31 L.P.R.A. secs. 3841 y 3842, los cuales disponen:

*"El vendedor estará obligado al saneamiento por los defectos ocultos que tuviere la cosa vendida, si la hacen impropia para el uso a que se le destina, o si disminuyen de tal modo este uso que de haberlos conocido el comprador, no la habría adquirido, o habría dado menos precio por ella; pero no será responsable de los defectos manifiestos o que estuvieren a la vista, ni tampoco de los que no estén, ni el comprador es un perito que por razón de su oficio o profesión, debía fácilmente conocerlos. Art. 1373, supra.*

*El vendedor responde al comprador del saneamiento por los vicios o defectos ocultos con la cosa vendida aunque los ignore.*

*Esta disposición no regirá cuando se haya estipulado lo contrario, y el vendedor ignorara los vicios o defectos ocultos de lo vendido."* Art. 1374, *supra.*

De estos preceptos legales surge que el vendedor tiene una obligación de saneamiento para con el comprador por los vicios ocultos de la cosa vendida, siempre y cuando éstos hagan impropia la cosa vendida para el uso al que se le destina, o cuando disminuye de tal modo ese uso que de haberlos conocido el comprador no la habría adquirido o hubiese dado un menor precio por ella. El comprador dispone de dos opciones: (1) desiste del contrato, lo que la doctrina científica conoce como acción redhibitoria, o (2) solicita una reducción al precio de venta proporcional por los vicios ocultos, mejor conocida como la acción *quanti minoris* o estimatoria. Art. 1375, *idem,* 31 L.P.R.A. sec. 3843; *D.A.C.O v. Marcelino Mercury, Inc.,* 105 D.P.R. 80, 85 (1976). Véase *Boyd v. Tribunal Superior,* 101 D.P.R. 651, 656 (1973); Diez-Picazo y Gullón, *Sistema de Derecho Civil,* Vol. 2, 4ta. Ed., Tecnos, 1986, pág. 365.

Para que el comprador pueda desistir del contrato de compraventa, o sea para ejercer la acción redhibitoria que conlleva la resolución del contrato, éste debe probar que el automóvil que compró no funciona en forma normal y que el vendedor tuvo la oportunidad de corregir los defectos y no pudo o no los corrigió. *Ford Motor Co. v. Benet,* 106 D.P.R. 232, 238 (1977); *Ferrer v. General Motors Corp.,* 100 D.P.R. 246, 253 (1971). Conforme al Artículo 1375, *supra,* el comprador es quien tiene la opción de acudir a la acción quanti minoris o estimatoria, con el consabido efecto de imponerle al vendedor la obligación de devolver el exceso del precio pagado que a juicio de peritos no hubiese pagado el comprador, de conocer los vicios ocultos al momento de la compraventa. Dicho Artículo dispone en lo pertinente que:

*"[e]n los casos de las dos secciones anteriores, (3841 y 3842) el comprador podrá optar entre desistir del contrato, abandonándosele los gastos que pagó, o rebajar una cantidad proporcional del precio, a juicio de peritos...".*

En este caso la querellante presentó como primera opción el que se corrigiera el desperfecto o la compensaran mediante el cambio del vehículo, y en segundo lugar, de ello no ser posible, entonces se resolviera el contrato. DACO entendió que el defecto que adolecía el automóvil no impedía que la querellante lo siguiera utilizando y por consiguiente, dispuso, fundamentando su decisión en el

Artículo 21.3 del Reglamento de Garantías de Vehículos de Motor, ■ según enmendado, Reglamento 4797, que no procedía la resolución del contrato, y en su lugar compensarle por la disminución en el valor del mismo.

Fijó esa disminución en un 10% del precio neto de la venta, cantidad que aunque desconocía si era suficiente para *"...cubrir los gastos de la reparación,...no es exageradamente alta"*. Véase Resolución en Reconsideración del 25 de agosto de 1997 a la página 3.

El Artículo 21.3 del Reglamento de Garantías de Vehículos de Motor, *supra,* dispone que de decretarse la reducción del precio de venta de un producto ésta se hará de acuerdo a lo dispuesto en el antes citado Artículo 1375 del Código Civil, el cual dispone que dicha reducción se hará a juicio de peritos.

En el caso de autos la recurrida solicitó la reparación del defecto a su vehículo, que se lo cambiasen o la resolución del contrato. En lugar de lo solicitado por la recurrida, DACO le concedió una disminución de un 10% del precio neto de la venta del vehículo. Del expediente ante nos, surge que DACO haya recibido prueba de peritos en cuanto al costo de la reparación del vehículo o de la disminución de su valor a consecuencia del defecto.

Reiteradamente se ha resuelto que los tribunales no deben intervenir en los quehaceres de las agencias administrativas más allá de lo que sea realmente necesario, ya que las decisiones y criterios de los organismos administrativos especializados merecen gran consideración y respeto, en vista de su vasta experiencia y conocimiento (expertise), *Rivera Rentas c. A&C Development Corp. y otros,* **97 J.T.S. 143**; *Agosto Serrano v. Fondo del Seguro del Estado,* **93 J.T.S. 37**, pág. 10506; *M & V Orthodontics v. Negdo. Seg. Empleo,* 115 D.P.R. 183 (1984); y que *"...los procedimientos y las decisiones ante un organismo administrativo tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que la impugne no produzca suficiente evidencia para derrotarla." Henriquez v. Consejo Educación Superior,* 120 D.P.R. 194, 210 (1987); *M & B.S. Inc. v. Dpto. de Agricultura,* 118 D.P.R. 319, 331 (1987); *La Facultada para las Ciencias Sociales v. C.E.S.* **93 J.T.S. 91.** *Lo importante es que haya apoyo sustancial en la prueba que sostenga las conclusiones de la agencia. J.R.T. v. Escuela Coop. E. M. de Hostos,* 107 D.P.R. 151 (1978); *Junta Rel. Trabajo v. Simmons Int'l., Ltd.,* 78 D.P.R. 375, 386 (1955); *Hilton Hotels v. Junta Salario Mínimo,* 74 D.P.R. 670, 687 (1953). *Por ello es que en ausencia de evidencia sustancial los Tribunales apelativos no intervendrán con esas determinaciones fácticas. Es sabido que* "constituye una cuestión de derecho el determinar si las conclusiones están sostenidas por evidencia sustancial". *López v. Junta de Planificación,* 80 D.P.R. 646, 672 (1958); *Villalonga, Comisionado v. Tribunal de Distrito,* 74 D.P.R. 331, 345 (1953); R. Calderon, D. Rivé Rivera, *Manual de Procedimientos Apelativos,* Rev. Jur. de la Universidad Interamericana, 1987, pág. 278. Cuando *"...las conclusiones de hecho del organismo administrativo están enteramente desprovistas de prueba, el tribunal en revisión está facultado para descartarlas por convertirse entonces la cuestión en una de derecho". Rodrigo v. Tribunal Superior,* 101 D.P.R. 151, 155 (1973).

La decisión de DACO en el caso de marras no está sostenida en prueba alguna, que hubiera podido ser rebatida por los recurridos. Por ello es forzoso concluir que DACO erró como cuestión de derecho al fijar la compensación por el defecto del automóvil de la querellante, aplicando sólo su apreciación inarticulada, producto de sus experiencias y conocimientos especializados en esa materia (expertise) como agencia, ya que no escuchó a sus peritos ni confrontó a los recurridos con prueba que cuantificara dicha indemnización. En consecuencia, DACO debe señalar una vista evidenciaria para oír esa prueba pericial, tanto de sus peritos como la que aporten las partes, a su opción, para entonces fijar la compensación que corresponda, si alguna, por razón de la omisión en honrar la garantía de fábrica en relación con el defecto reclamado, de conformidad con el Art. 21.3 del Reglamento de Garantías de Vehículos de Motor, *supra.* Además, en caso de conceder alguna compensación, DACO deberá determinar el pago de intereses sobre la suma que conceda y si procede la imposición de costas y honorarios de abogado conforme a lo dispuesto en la Secciones 3.20 y 3.21 (c) de la Ley 170 del 12 de agosto de 1988, según enmendada, 31 L.P.R.A. secs. 2170 y 217c.

## II

Conforme a lo anteriormente expresado expedimos el auto, modificamos la Resolución recurrida y

ordenamos a DACO que celebre una vista evidenciaria consistente con lo aquí dispuesto.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 156

**1.** La Regla 67 (A) de nuestro Reglamento requiere que cuando se presente error en la apreciación de la prueba oral y que alguna determinación de hecho no está sostenida por la misma, la parte recurrente lo hará constar en moción por separado a presentarse junto al escrito de revisión. Su inciso (D) indica que cuando ello no se solicite, *"...el caso será considerado y resuelto conforme al contenido de los autos en revisión, que podrán incluir una exposición estipulada de la prueba oral, presentada en el caso por las partes."*

**2.** 21.3 - OPORTUNIDAD RAZONABLE PARA REPARAR DEFECTOS - El Departamento podrá, a opción del comprador, decretar la resolución del contrato o reducir proporcionalmente el precio de venta de acuerdo con el Código Civil de Puerto Rico, en aquellos casos en que el vendedor, distribuidor autorizado o concesionario, distribuidor de fábrica o fabricante, dentro de los términos de la garantía de fábrica, tuvo oportunidad razonable para reparar uno o más defectos, pero no quiso o no pudo corregirlos. Lo que constituye oportunidad razonable de reparar se determinará tomando en consideración las circunstancias particulares de cada caso.