Alfonso de Cumpiano, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El recurrente, Sr. Luis Figueroa Gutiérrez, nos solicita que expidamos este recurso y revoquemos la resolución del Departamento de Asuntos del Consumidor (D.A.C.O.) que determinó que no se cumplieron los requisitos para que procediera la acción redhibitoria en una reclamación por vicios ocultos en un vehículo de motor.
*1069 Examinadas las alegaciones de las partes, la resolución recurrida y el expediente, a la luz del derecho aplicable, determinamos que no procede la expedición del recurso.
Conforme los hechos relevantes a la controversia que surgen del expediente, el señor Figueroa adquirió el 31 de julio de 1997 de Sergio Estrada Rivera, Inc., un vehículo de motor marca Hyundai, modelo Accent, de 1996. El precio de venta fue de $7,900.00, suma que el señor Figueroa pagó por entero al vendedor. Al momento de realizarse la compraventa, el odómetro del vehículo indicaba que éste había recorrido 1,284 millas por lo que, además de la garantía básica de vehículo usado, tenía el remanente de la garantía básica de vehículo nuevo.
No habiendo transcurrido una semana desde la compraventa, el recurrente reclamó al vendedor la corrección de siete defectos que presentaba el vehículo, consistentes en: platos traseros doblados, desgaste de gomas traseras, “tiqueo” de aceite en el “power steering”, luz permanecía encendida, puntos del motor rotos, plafón despegado y radio y bocinas no funcionaban. El vendedor sólo reparó los platos traseros del vehículo.
El 22 de septiembre de 1997, el señor Figueroa solicitó a Good Luck del Sur Este Auto Sales, Inc. (Good Luck), quien honraba la garantía de fábrica del vehículo, la corrección de los defectos no reparados por Sergio Estrada Rivera, Inc. Good Luck encontró, al retirar los paneles de las puertas, rastros de lodo hasta la altura de la cerradura. Como consecuencia de este hallazgo, el señor Juan Vega, representante de servicio, le notificó al señor Figueroa que la garantía de fábrica le había sido cancelada. No obstante, el “tiqueo” y los puntos del motor fueron corregidos gratuitamente. El señor Juan Vega señaló, en comunicación de 23 de septiembre de 1997, que el auto había sido inundado. Anejo I del recurso.
Ante esa situación, el señor Figueroa presentó una querella ante D.A.C.O. alegando que al momento de la venta no le fue notificado que el vehículo había sido afectado por una inundación. Solicitó la devolución de su dinero. Anejo V del recurso.
El 3 de diciembre de 1997, el técnico automotriz de D.A.C.O. inspeccionó el vehículo. A esa fecha, el odómetro indicaba 11,155 millas recorridas. Encontró que dos de los defectos habían sido reparados, pero que el radio y las bocinas del vehículo estaban aparentemente dañadas por agua, la luz del “check engine” estaba encendida, el plafón del área del cristal trasero estaba despegado y el encendedor del vehículo estaba corroído. Además, encontró marcas de agua y tierra en el interior de las puertas hasta el nivel de las cerraduras. En el informe de investigación hizo constar que el vehículo aparentaba haberse afectado por una inundación. Estimó el costo de reparación de los defectos en $575.00. Anejo de contestación de D.A.C.O.
Luego de una vista administrativa a la que compareció el señor Figueroa y el representante legal de Sergio Estrada, Inc., D.A.C.O. emitió la resolución recurrida, en la que formuló determinaciones de hechos a base de la prueba y conclusiones de derecho. Determinó que los defectos no hacían inservible el uso al cual se destinó el vehículo, lo cual quedaba demostrado por el millaje adicional indicado por el odómetro. Resolvió que no se cumplieron con todos los requisitos de la acción redhibitoria. En cuanto a la alegación de que el automóvil fue afectado por una inundación, determinó que la prueba no estableció la relación entre la inundación y los defectos objeto de la querella, ni se precisó en la prueba si fue afectado por la inundación con anterioridad o posterioridad a la venta.
El recurrente plantea en este recurso que D.A.C.O. erró al desestimar la querella por no estar presentes todos los requisitos para una acción redhibitoria. D.A.C.O. argumenta en su contestación que la prueba no demostró que el vehículo no funcionaba normalmente, por lo que no procedía la acción redhibitoria.
Nos corresponde evaluar, bajo las normas que rigen nuestra función revisora, si D.A.C.O. erró al determinar *1070 que no procedía la acción redhibitoria bajo las circunstancias de este caso.
Al revisar la decisión de una agencia administrativa, el alcance de nuestra función revisora está delimitado por ley. Las determinaciones de hechos de una agencia administrativa deberán ser confirmadas si están sostenidas por evidencia sustancial que obra en el expediente administrativo. Las conclusiones de derecho serán revisables en toda su extensión. Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175. Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial, es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, de manera que quede demostrado que la decisión del organismo administrativo no está justificada por una evaluación justa de la prueba que tuvo ante su consideración. Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670, 686 (1953).
Corresponde a la parte recurrente demostrar que ésta incurrió en errores en las determinaciones de hechos o en el derecho que ameriten su revisión.
La evaluación de los planteamientos traídos a nuestra atención ameritan que veamos en primer término el derecho aplicable.
El Artículo 1373 del Código Civil, 31 L.P.R.A. sec. 3841, dispone que el vendedor estará obligado al saneamiento por los defectos ocultos de la cosa vendida, si éstos la hacen impropia para su uso o si la disminuyen de tal forma que de haberlos conocido el comprador, no la habría adquirido. De otra parte el Artículo 1374, 31 L.P.R.A. sec. 3842, establece que “[e]l vendedor responde al comprador del saneamiento por los vicios o defectos ocultos en la cosa vendida, aunque lo ignorase. ” Estos preceptos prescriben que el vendedor debe proporcionar al comprador la posesión útil de la cosa.
Sobre la clase de vicio a que se refiere el Código, nos comenta Manresa que el vicio redhibitorio ha de constituir un defecto de tal naturaleza, que entraña cierta importancia, ya que una imperfección cualquiera, un defecto de poca monta, carece de utilidad para dar lugar a la redhibición. J.M. Manresa y Navarro, Comentarios al Código Civil Español, Tomo X, Vol. I, Reus S.A., Madrid, 1969, pág. 336.
En cuanto a los efectos que pueda tener el hallazgo de vicios ocultos en determinado objeto, el Artículo 1375 del Código Civil, 31 L.P.R.A. sec. 3843, dispone que en los casos relativos a dichos defectos, el comprador tiene derecho a presentar dos acciones: la acción redhibitoria en la que reclama la rescisión del contrato de compraventa; o la acción quanti minoris donde pide una reducción en el precio acordado. Boyd v. Tribunal Superior, 101 D.P.R. 651, 655 (1973); Márquez v. Torres Campos, 111 D.P.R. 854, 862 (1982). El paso inicial para precisar la aplicación de estas dos acciones edilicias consiste en determinar lo que constituye vicio o defecto oculto. D.A.C.O. v. Marcelino Mercury, Inc., 105 D.P.R. 80, 83-84 (1976). Para la determinación sobre cuáles son esos defectos ocultos que dan lugar al saneamiento, se habrá de tomar en consideración la verdadera intención de las partes para el uso adecuado de la cosa, y los alegados defectos que aminoran su uso. García Viera v. Ciudad Chevrolet, Inc., 110 D.P.R. 158, 162 (1980).
La doctrina reconoce que pueden ser objeto de saneamiento los vicios ocultos que: (1) no sean conocidos por el adquirente; (2) sean graves o suficientemente importantes para hacer la cosa impropia para el uso a que se le destina o que disminuyan de tal modo este uso que, de haberlo conocido el comprador, no la habría comprado o habría dado menos precio por ella; (3) sean preexistentes a la venta; y (4) se ejercite la acción en el plazo legal, que es el de seis meses contados desde la entrega de la cosa vendida. Artículo 1379 del Código Civil, 31 L.P.R.A. sec. 3847.
*1071 Son vicios redhibitorios o cuantiminosos aquellos defectos que exceden de las imperfecciones menores que cabe esperar normalmente en un producto determinado, no siendo necesario que dichos defectos imposibiliten el uso de la cosa vendida, siempre que mermen notablemente su valor. No constituyen vicios redhibitorios aquellas imperfecciones menores susceptibles de ser reparadas, aunque la existencia de este tipo de defecto menor puede dar base a exigir que el mismo sea reparado. García Viera v. Ciudad Chevrolet. Inc., supra, a las págs. 162-163; Berríos v. Courtesy Motors of P.R., 91 D.P.R. 441, 447 (1964).
La apreciación de la importancia del defecto, a los fines de resolver la procedencia de la acción redhibitoria, es esencialmente una cuestión de hechos basada en la prueba que aquilate el juzgador. En casos de compraventas de automóviles, el peso de la prueba corresponde al comprador para establecer que el automóvil que compró no funcionaba en forma normal y que el vendedor tuvo la oportunidad de corregir los defectos y no pudo o no los corrigió. Ford Motor Co. v. Benet, 106 D.P.R. 232, 238 (1977); Ferrer v. General Motors Corp., supra, a la pág. 253.
Aplicados esos principios de derecho al caso bajo consideración, vemos que la apreciación de la naturaleza de los defectos para que proceda la acción redhibitoria, depende de la aquilatación de la prueba. A base del millaje recorrido y de la naturaleza de los defectos, D.A.C.O. determinó que no quedó probado que dichos defectos imposibilitaron el uso de la cosa vendida.
El recurrente presentó ante D.A.C.O., como única opción, que se le devolviera el dinero pagado por el vehículo; esto es, la rescisión del contrato. No surge del expediente sometido, ni de sus alegaciones, pmeba alguna que derrote las determinaciones de hechos de la agencia sobre los desperfectos y la utilidad del vehículo que sostenga su contención de que procedía la acción redhibitoria. Tampoco ha demostrado que presentó prueba que relacionara los defectos del automóvil con una inundación que ocurriera previo a la venta del automóvil. Ante ello, no tenemos base alguna para variar el dictamen recurrido.
En definitiva, del examen del expediente que obra en autos apreciamos que las determinaciones de D.A.C.O. están basadas en la prueba que tuvo ante sí, y que no erró en su aplicación del derecho.
En virtud de todo lo anterior, se deniega el recurso.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General